### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| *In re*: | **Case No. 20-13924 (AJC)** |
| **MIAMI AIR INTERNATIONAL, INC..,** | **Chapter 7** |
| **Debtor.** | |

### *EX PARTE* MOTION OF MIAMI AIR INTERNATIONAL INC. FOR AUTHORITY TO FILE CERTAIN INFORMATION UNDER SEAL IN OPPOSITION TO CERTAIN MOTIONS FOR STAY RELIEF

Debtor Miami Air International Inc. (the **"Debtor"** or **"MAI"**) respectfully moves this Court for the entry of an Order, substantially in the form attached hereto as Exhibit A, pursuant to Sections 105(a) and 107(b) of Title 11 of the United States Code (the **"Bankruptcy Code"**), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and Rule 5005-1(A)(4) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the **"Local Rules"**), authorizing MAI to file under seal certain information regarding insurance coverage of MAI in connection with and in opposition to multiple Motions for Relief from the Automatic Stay filed in this case, which are scheduled to be heard before this Court on August 20, 2020 at 2:00 p.m. EDT (the **"Stay Relief Motions"**).

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code,

Bankruptcy Rule 9018, and Local Rule 5005-1(A)(4).

## BACKGROUND AND RELIEF SOUGHT

3.    On March 24, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.    On May 14, 2020, the Court converted this case to a case under Chapter 7 of the Bankruptcy Code pursuant to an *Order Converting Case Under Chapter 11 to Case Under Chapter 7* [D.E. 197].  On the same date, Robert Angueira (the **"Chapter 7 Trustee"**) was appointed as Chapter 7 Trustee in this case [D.E. 200].

5.    On April 24, 2020, Captain Oladapo Akintonde filed a *Motion for Relief from Stay* [D.E. 130], and Miami Air filed its opposition on May 12, 2020 [D.E. 192].

6.    On June 12, 2020, Gary Moss filed a *Renewed Motion for Relief from Stay* [D.E. 306], and Miami Air filed its opposition on June 26, 2020 [D.E. 386].

7.    On July 8, 2020, Clifton Bell filed a *Renewed Motion for Relief from the Automatic Stay and to Require the Debtor to Instruct its Insurance Carrier to Submit Insurance Disclosure Requirements to Clifton Bell Pursuant to F.S. 627.4137(1)* [D.E. 450], amended on July 15, 2020 [D.E. 487], and Miami Air filed its opposition on July 22, 2020 [D.E. 525].

8.    On July 8, 2020, Alisina Malek, Gunness Naine and Sean Lindsay jointly filed a *Motion for Relief from Stay* [D.E. 451], and Miami Air filed its opposition on July 22, 2020 [D.E. 525].

9.    There are four separate motions pending with this Court, collectively referred to as the **"Stay Relief Motions"**.

10.    Movants in the Stay Relief Motions have alleged that they were passengers that were injured on an MAI aircraft that was involved in an incident that occurred on May 3, 2019 in Jacksonville, Florida with respect to a flight known as **"Miami Air Flight 293,"** and all

requested the right to proceed against MAI"s insurance coverage. All such passengers are hereinafter referred to as the "**Flight 293 Passengers**." Not all of the passengers who have filed Stay Relief Motions have affirmatively stated in their respective Stay Relief Motions that they *exclusively* will seek recovery from insurance coverage available to MAI.

11.      At the hearing telephonically held before this Court on July 9, 2020 (the "**July 9 Hearing**"), after hearing arguments from various parties, this Court adjourned all hearings on the Stay Relief Motions until August 20, 2020, and set such hearing for all stay relief motions that are pending, or may be filed by Flight 293 Passengers.

12.      At the July 9 Hearing, this Court suggested that it would consider at the August 20, 2020 hearing (the "**August 20 Hearing**") the total amount of all claims asserted by Flight 293 Passengers in their respective proofs of claim filed in this bankruptcy case, and compare the aggregate amount of the proofs of claim with the insurance coverage available to MAI under MAI's pre-petition insurance policies. This Court also ruled that any Flight 293 Passenger who sought to recover from MAI  or MAI's insurance coverage file a proof of claim by July, 23, 2020, so that the Court could consider the aggregate total of the amount of proofs of claim asserted by Flight 293 Passengers against MAI.

13.      To facilitate this calculation and comparison by this Court at the August 20 Hearing, and to assist in MAI's response in opposition to the Stay Relief Motions, MAI, through its counsel, Holland & Knight LLP, desires to file under seal a copy of the Certificate of Insurance which describes the insurance coverage provided to MAI, and potentially available to the Flight 293 Passengers who filed a timely and proper proof of claim.

14.      The terms and amount of the insurance coverage that is described in the Certificate of Insurance is highly confidential to, and proprietary information of,  MAI and its

insurers, such that the improper disclosure of such details would cause irreparable harm to MAI and its insurers.

15.     As a result of such confidential nature and potential irreparable harm, MAI respectfully requests that the Court enter an order authorizing MAI to file the Certificate of Insurance under seal.

16.     MAI further requests that the Court direct that the Certificate of Insurance, as filed, to remain under seal, confidential, and not be made available to any other party or third party, and not be discussed in or on the public record, without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the Chapter 7 Trustee and the Office of the United States Trustee.

## LEGAL GROUNDS FOR SEALING THE MATERIALS

17.     Pursuant to Section 107(b) of the Bankruptcy Code, a court may direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. It provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18.     The Certificate of Insurance contains and reflects highly confidential

information that, if improperly disclosed, could cause irreparable harm to MAI and its insurers.

19.     As such, MAI respectfully requests that the Court issue an Order designating the Certificate of Insurance and the information contained therein as confidential and authorizing the Certificate of Insurance to be filed under seal, and for review of and use by the Court only, and not be made available to any other party or third party, and not be discussed in or on the public record, without further order from the Court. Counsel for certain of the Flight 293 Passengers have executed a Confidentiality Agreement, and have been provided with the Certificate of Insurance. As such, counsel for those Flight 293 Passengers who have executed a Confidentiality Agreement are in possession of the Certificate of Insurance, but the disclosure of the Certificate of Insurance or its content should not extend beyond the Court and such persons, otherwise the purpose of this Motion would be frustrated.

20.     No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, Debtor Miami Air International respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court may deem just and proper.

Dated this 11th day of August, 2020.

**HOLLAND & KNIGHT LLP**

/s/ Joaquin J. Alemany
Lee P. Teichner, Esq.
Florida Bar No. 816280
Joaquin J. Alemany, Esq.
Florida Bar No. 662380
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone:  (305) 375-8500
Facsimile:  (305) 789-7799
Email: joaquin.alemany@hklaw.com
Email: lee.teichner@hklaw.com

and

Joshua R. Levenson, Esq.
Florida Bar No. 56208
515 East Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 525-1000
Facsimile: (954) 463-2030
Email: joshua.levenson@hklaw.com

and

Arthur E. Rosenberg, Esq.
31 West 52nd Street, 12th Floor
New York, NY 10019
Telephone:  (212) 513-3200
Facsimile:  (212) 385-9010
Email: arthur.rosenberg@hklaw.com

and

Edward M. Fitzgerald, Esq.
Florida Bar No. 10391
Holland & Knight LLP
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone:  (407) 425-8500
Facsimile:  (305) 244-5288
Email: edward.fitzgerald@hklaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 11th day of August, 2020, a true and correct copy of the

foregoing was served via electronic transmission on all CM/ECF registered users for this case.

<u>/s/Joaquin J. Alemany</u>
Joaquin J. Alemany, Esq.
Florida Bar No. 662380

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

*In re*:

MIAMI AIR INTERNATIONAL, INC..,

Debtor.

Case No. 20-13924 (AJC)

Chapter 7

### *EX PARTE* ORDER AUTHORIZING MIAMI AIR INTERNATIONAL INC.
### TO FILE CERTIFICATE OF INSURANCE UNDER SEAL

Upon consideration of the *Ex Parte* Motion (the **"Motion"**) of Miami Air International, Inc. (the **"Debtor"** or **"MAI"**) for entry of an order (this **"Order"**) authorizing MAI to file under seal a Certificate of Insurance (the **"Certificate"**) in connection with and in opposition to certain Stay Relief Motions, and directing that the Certificate and Insurance and all disclosed information contained therein remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estate, its insurer(s), its creditors and other parties in interest; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is Granted as set forth herein.

2.      MAI is authorized to file the Certificate under Seal on the public docket of this

case.

3.      The Certificate of Insurance shall remain under seal and shall not be made available to anyone other than this Court, the Chapter 7 Trustee and the Office of the United States Trustee (both on a confidential basis) without further order of this Court.  The Clerk of this Court shall treat the Certificate as confidential. Similarly, the information contained in the Certificate of Insurance shall not be discussed or disseminated to anyone beyond this Court, the Chapter 7 Trustee and the Office of the United States Trustee (both on a confidential basis) without further order of this Court.

4.      To the extent that the Certificate of Insurance or any information referred to therein is attached or referred to in any further pleadings or document filed with this Court relating to this Chapter 7 Case, this Order shall apply to such pleading or document. The Content of the Certificate of Insurance shall not be publicly disclosed in any future hearing or other public record or forum, including but not limited to at the August 20 hearing on the Stay Relief Motions to be considered.

5.      Nothing in this Order prejudices the rights of any party-in-interest, including the Office of the United States Trustee, to seek, on appropriate motion, the unsealing of the Certificate or any part thereof.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Certificate of Insurance and the information contained therein shall be maintained under seal even after the administrative closing of this Chapter 7 case.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or

enforcement of this Order.

# # #

**Submitted by:**
Joaquin J. Alemany, Esq.
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-789-7763
Facsimile: 305-789-7799
E-mail: joaquin.alemany@hklaw.com

*(Attorney Alemany shall serve a copy of this Order as provided by Local Rule and file a Certificate of Service).*